Mary Jo O'Neill, AZ Bar #005924
Andrea G. Baran, MO Bar #45620
Hillary K. Valderrama, TX Bar #24075201
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Phoenix District Office**
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602) 640-4988
Fax: (602) 640-5009
Email:   mary.oneill@eeoc.gov
             andrea.baran@eeoc.gov
             hillary.valderrama@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| Plaintiff, | ) ) **COMPLAINT** |
| vs. | ) ) **JURY TRIAL DEMANDED** |
| Evergreen Alliance Golf Limited, LP, a Delaware corporation, | ) ) ) |
| Defendant. | ) |

### **NATURE OF THE ACTION**

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kevin Rasnake, who was terminated by Defendant Evergreen Alliance Golf Limited, LP ("Evergreen"). As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges that Defendant, Evergreen discriminated against Mr. Rasnake on the

basis of his disability in violation of Section 102 of the ADA, 42 U.S.C. § 12111(a), and retaliated against him for engaging in protected activity in violation of Section 503 of the ADA, 42 U.S.C. § 12203(a). Specifically, Evergreen discriminated against Mr. Rasnake in the terms and conditions of his employment and by terminating his employment on the basis of his disability and in retaliation because he engaged in protected activity.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference 42 U.S.C. Section 706(f)(1), (3) and 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-5(f)(1), (3) and 2000e-6, and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2.   The employment practices alleged to be unlawful were being committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1), (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3) and 2000e-6.

4. At all relevant times, Defendant Evergreen has continuously been and is now doing business in the State of Arizona and has continuously had continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Evergreen has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Mr. Rasnake filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Evergreen. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Mr. Rasnake is a person with a disability as defined by the ADA. Mr. Rasnake's right arm and leg are physically impaired due to cerebral palsy. He is unable to fully straighten his right arm and the grasp strength of his right hand is much weaker than that of his left hand. Similarly, he has limited flexibility in his right ankle and can only bear approximately twenty percent of his body weight on the right leg. As a result,

Mr. Rasnake is substantially limited in one or more major life activities, including but not limited to the major life activities of walking, standing, and lifting.

9. Defendant employed Mr. Rasnake as a manager in its sales department at Arrowhead Country Club in Glendale, Arizona from the time it purchased the facility in 2007 until May 2009.

10. In approximately December 2008, Mr. Rasnake engaged in activity protected by § 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a), when he reported to Evergreen's Human Resources department that during a company meeting one of the company's managers had made an offensive and discriminatory comment regarding disabled persons, specifically comparing a dog to a "retarded child".

11. On or about December 2008 through May 2009, Defendant Evergreen engaged in the following unlawful employment practices at its Glendale, Arizona facility in violation of § 102 of Title I of the ADA, 42 U.S.C. § 12112, on the basis of Mr. Rasnake's disability:

(a) placing Mr. Rasnake on a performance improvement plan when other non-disabled sales directors with similar performance metrics were not disciplined;

(b) setting unattainable sales goals for Mr. Rasnake;

(c) changing the types of sales that would be attributed to Mr. Rasnake;

(d) removing a significant portion of Mr. Rasnake's sales responsibilities, resulting in a reduction of his commission earnings potential; and

(e) terminating Mr. Rasnake's employment.

12.     On or about December 2008 through May 2009, Defendant Evergreen engaged in the following unlawful employment practices at its Glendale, Arizona facility in violation of § 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a), in retaliation for Mr. Rasnake's opposition to unlawful employment practices:

(a)  placing Mr. Rasnake on a performance improvement plan when other non-disabled sales directors with similar performance metrics were not disciplined;

(b) setting unattainable sales goals for Mr. Rasnake;

(c) changing the types of sales that would be attributed to Mr. Rasnake;

(d) removing a significant portion of Mr. Rasnake's sales responsibilities, resulting in a reduction of his commission earnings potential; and

(e) terminating Mr. Rasnake's employment.

13.     The effect of the policies and practices complained of in paragraphs (11) and (12) above has been to deprive Mr. Rasnake of equal employment opportunities and has otherwise adversely affected his status as an employee.

14.     The unlawful employment practices complained of in paragraphs (11) and (12) above were committed intentionally.

15.     The unlawful employment practices complained of in paragraphs (11) and (12) above were committed with malice or with reckless indifference to the federally protected rights of Mr. Rasnake.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction ensuring compliance with the ADA, and enjoining Defendant Evergreen Alliance Golf Limited, LP, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation, disability discrimination, and any other employment practice which discriminates on the basis of disability.

B. Order Defendant Evergreen Alliance Golf Limited, LP, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Evergreen Alliance Golf Limited, LP, to make whole Mr. Rasnake by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including but not limited to rightful place reinstatement of Mr. Rasnake or, in the alternative, front pay.

D. Order Defendant Evergreen Alliance Golf Limited, LP, to make whole Mr. Rasnake by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs (11) and (12) above, including mitigation expenses, in amounts to be determined at trial.

E. Order Defendant Evergreen Alliance Golf Limited, LP, to make whole Mr. Rasnake by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs (11) and (12) above, including but not limited to emotional pain, suffering, mental anguish,

inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Evergreen Alliance Golf Limited, LP, to pay Mr. Rasnake punitive damages for its malicious conduct or reckless indifference, as described in paragraphs (11) and (12) above, in an amount to be determined at trial.

  G. Grant such further relief as this Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 5th day of April, 2011.

        MARY JO O'NEILL
        Regional Attorney

        ANDREA G. BARAN
        Supervisory Trial Attorney

        *s/ Hillary K. Valderrama*
        HILLARY K. VALDERRAMA
        Trial Attorney

        EQUAL EMPLOYMENT
        OPPORTUNITY COMMISSION
        Phoenix District Office
        3300 N. Central Ave., Suite 690
        Phoenix, AZ 85012
        (602) 640-4988

        Attorneys for Plaintiff